UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CUTTLER PRODUCE, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No._____ |
| : | |
| BOSTON CHICKEN OF NJ, LLC; : | |
| JIGNESH PANDYA A/K/A JAY : | |
| PANDYA, an individual; and MITAL PANDYA, : | |
| an individual : | |
| : | |
| Defendants. : | |
| : | |

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiff, Cuttler Produce, LLC ("Cuttler"), through its undersigned counsel, by way of Complaint against Defendants, Boston Chicken of NJ, LLC ("Boston Chicken"), Jignesh Pandya a/k/a Jay Pandya ("J. Pandya"), and Mital Pandya ("M. Pandya") (Boston Chicken, J. Pandya and M. Pandya collectively, "Defendants"), states and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action under Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA"), 7 U.S.C. § 499(e)(b), and 28 U.S.C. § 1331.  Personal jurisdiction exists over each Defendant as they transact business in this district and have sufficient minimum contacts such that this proceeding does not offend traditional notions of fair play and justice.

2. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants reside in this District and are subject to the Court's personal jurisdiction in this District.

## PARTIES

3. Plaintiff Cuttler is a New Jersey corporation with its office and principal place of business in Eatontown, New Jersey. Cuttler is engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") and is licensed as a dealer under PACA.

4. a. At all times relevant hereto, Defendant Boston Chicken was and is a Delaware limited liability company which resides in this District and has its principal place of business at 121 Friends Lane, Suite 301, Newtown, Pennsylvania, that was engaged in the business of buying wholesale quantities of Produce in interstate commerce, and that was on information and belief operating subject to licensure as a dealer under PACA.

b. Upon information and belief, Defendant J. Pandya was at all relevant times a resident and citizen of Pennsylvania who resides in this District in Bensalem, Pennsylvania and an officer, member, and/or managing member of Boston Chicken during the period of time in question, who controlled the operations of Boston Chicken and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff.

c. Upon information and belief, Defendant M. Pandya was at all relevant times a resident and citizen of Pennsylvania who resides in this District in Bensalem, Pennsylvania and an officer, member, and/or managing member of Boston Chicken during the period of time in question, who controlled the operations of Boston Chicken and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff.

## ALLEGATIONS COMMON TO ALL COUNTS

5. This action is brought to enforce the trust provisions of the PACA, 7 U.S.C. § 499e(c).

6. Boston Chicken owns and operates approximately 30 Boston Market locations in the state of New Jersey.

7. Boston Chicken operates subject to PACA as a "dealer" in that it purchases wholesale quantities of Produce. For example, Plaintiff sold in excess of 2,000 pounds of Produce to Boston Chicken, including 6,591 pounds of Produce sold to Boston Chicken on June 3, 2023.

8. On information and belief, based on the scope of Boston Chicken's operations, to the extent it is considered a "retailer" under PACA, it purchases in excess of $230,000.00 worth of Produce in a calendar year.

9. Between May 23, 2023, and July 8, 2023, Plaintiff sold to Boston Chicken and delivered to Boston Chicken's Boston Market locations wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof (the "Transactions"). Pursuant to the Transactions, Boston Chicken received and accepted the aggregate sum of $35,102.64 worth of Produce from Plaintiff, all of which remains outstanding.

10. Defendants have not disputed the debt owed to Plaintiff in any way but despite demands for payment, have failed to pay for the Produce sold by Plaintiff when payment was due, and presently owe Plaintiff the principal amount of $35,102.64.

11. At the time of receipt of the Produce, Plaintiff became a beneficiary in a statutory trust under PACA (the "PACA Trust"), which is designed to assure payment to Produce suppliers and which consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants.

12. Plaintiff timely preserved its interest in the PACA Trust in the principal amount of $35,102.64 by issuing invoices to Boston Chicken which contain the requisite statutory language required by 7 U.S.C. § 499e(c)(4).

13. Plaintiff remains a beneficiary of the PACA Trust until full payment is made for the Produce.

14. Boston Chicken is a trustee of the PACA trust it is required to hold for the benefit of Plaintiff.

15. Defendants J. Pandya and M. Pandya owe fiduciary obligations to Plaintiff by virtue of their roles at Boston Chicken and exercise of control over the assets and operations of Boston Chicken.

16. Pursuant to PACA, Defendants are required to maintain the PACA Trust so that the assets are freely available to pay their produce suppliers and to make full payment promptly.

17. Plaintiff remains unpaid for the balance owed by Defendants under the PACA Trust despite demands for payment.

18. Defendants' failure, refusal and apparent inability to pay Plaintiff demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## COUNT ONE
### (Injunctive Relief – All Defendants)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. Defendants' failure to make payment to Plaintiff of trust funds in the aggregate amount of $35,102.64 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

21. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

WHEREFORE, Plaintiff demands preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

## COUNT TWO
### (Failure to Pay Trust Funds – All Defendants)

22. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendants received all of the Produce on which this action is based.

24. Defendants have failed to pay Plaintiff for the Produce that they received from Plaintiff.

25. Defendants' continuing failure to make payment to Plaintiff of trust funds in the principal amount of $35,102.64 violates PACA and PACA regulations.

26. As a direct and proximate result of these Defendants' continuing violations of PACA and PACA regulations, Plaintiff has suffered, and is continuing to suffer, damages in the amount of $35,102.64 plus interest from the date the Plaintiff's invoices became past due, costs and attorneys' fees.

27. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain services of legal counsel to prosecute this action, and Plaintiff is entitled to reimbursement for those attorneys' fees and costs that have been reasonably incurred.

WHEREFORE, Plaintiff demands judgment against Defendants Boston Chicken, J. Pandya, and M. Pandya, jointly and severally, enforcing payment from the PACA Trust by ordering these Defendants to pay Plaintiff the principal amount of $35,102.64 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT THREE
### (Failure to Pay Promptly - All Defendants)

28. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Defendants received all of the Produce on which this action is based.

30. Defendants have failed and refused to pay for the Produce within the period required by 7 C.F.R. § 46.2(aa)(5).

31. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $35,102.64, plus interest from the date the Plaintiff's invoices became past due, costs and attorneys' fees.

32. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain services of legal counsel to prosecute this action, and Plaintiff is entitled to reimbursement for those attorneys' fees and costs that have been reasonably incurred.

33. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $35,102.64 plus interest from the date the Plaintiff's invoices became past due, costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants Boston Chicken, J. Pandya, and M. Pandya, jointly and severally, in the principal amount of $83,140.25, plus interest, costs and attorneys' fees, and any other relief deemed just and owing.

### COUNT FOUR
### (Unlawful Dissipation of Trust Assets by
### a Corporate Official – J. Pandya)

34. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 to 33 above as if fully set forth herein.

35. Defendant J. Pandya is and was an officer, member, and/or managing member who operated Boston Chicken during the period of time in question or prior thereto, and who, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

36. Defendant J. Pandya failed to direct Boston Chicken to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

37. Defendant J. Pandya knew or should have known that at all relevant times, Boston Chicken was in breach of the PACA trust.

38. Defendant J. Pandya's failure to direct Boston Chicken to maintain PACA trust assets and pay Plaintiff for the Produce supplied was an unlawful dissipation of trust assets by a corporate official.

39. Defendant J. Pandya participated in Boston Chicken' breach of the PACA Trust.

40. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the statutory trust and has been denied payment for the Produce supplied.

WHEREFORE, Plaintiff requests judgment against Defendant J. Pandya in the principal amount of $35,102.64 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

**COUNT FIVE**
**(Unlawful Dissipation of Trust Assets by**
**a Corporate Official – M. Pandya)**

41. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 to 40 above as if fully set forth herein.

42. Defendant M. Pandya is and was an officer, member, and/or managing member who operated Boston Chicken during the period of time in question or prior thereto and who, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

43. Defendant M. Pandya failed to direct Boston Chicken to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce it supplied.

44. Defendant M. Pandya knew or should have known that at all relevant times Boston Chicken was in breach of the PACA trust.

45. Defendant M. Pandya's failure to direct Boston Chicken to maintain PACA trust assets and pay Plaintiff for the Produce supplied was an unlawful dissipation of trust assets by a corporate official.

46. Defendant M. Pandya participated in Boston Chicken' breach of the PACA Trust.

47. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the statutory trust and has been denied payment for the Produce supplied.

WHEREFORE, Plaintiff requests judgment against Defendant M. Pandya in the principal amount of $35,102.64 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT SIX
### (Breach of Contract -- Failure to Pay For Goods Sold – Boston Chicken)

48. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 to 47 above as if fully set forth herein.

49. Boston Chicken received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

50. Plaintiff's invoices to Boston Chicken constitute valid and enforceable agreements between the parties.

51. Boston Chicken breached the terms of the invoices by failing to timely remit payment for the goods they received from Plaintiff.

52. Plaintiff has performed all of the duties, obligations, and conditions precedent on its part to be performed under the invoices.

53. As a direct and proximate result of the breach of contract by Boston Chicken, Plaintiff has suffered damages in the principal amount of $35,102.64, plus interest, costs, and attorneys' fees.

WHEREFORE, Plaintiff demands judgment for damages against Boston Chicken in the amount of $35,102.64, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT SEVEN
### (Interest and Attorneys' Fees – All Defendants)

54. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 to 56 above as if fully set forth herein.

55. PACA and the Invoices at issue entitle Plaintiff to recover interest at the rate of eighteen percent (18%) per annum against Defendants Boston Chicken, J. Pandya, and M. Pandya.

56. PACA and the Invoices at issue entitle Plaintiff to recover costs and attorney's fees in the event that Defendants Boston Chicken, J. Pandya, and M. Pandya violate their obligations by failing to pay Plaintiff for the Produce sold to Boston Chicken.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for prejudgment interest at the rate of eighteen percent (18%) per annum, costs and reasonable attorneys' fees incurred in enforcing Plaintiff's PACA trust rights, and any other relief deemed just and owing.

Dated:  November 17, 2023.   Respectfully submitted,

McCARRON & DIESS

By:   /s/ Mary Jean Fassett
Mary Jean Fassett, PA Bar #314958
Validated Signature Code: MJF8878
4530 Wisconsin Avenue, NW, Suite 301
Washington, DC 20016
Tel. 202-364-0400
Fax 202-364-2731
mjf@mccarronlaw.com

*Counsel for Plaintiff*